The opinion of the Court (absente Parsons, C. J.) was after-wards delivered by
Parker, J.
The only question, which arises in this case, is whether the provisions of the statute of 1796, c. 85, are applicable to vessels of war of the United States. If they are, then the facts clearly show a violation of those provisions by the defendant, and the penalty ought to be adjudged against him; if they are not, then the defendant was not prohibited from the act of pilotage complained of in this action, and he cannot be charged with the penalty.
When it is considered that before the passing of the statute, on which this action is founded, the power to establish and regulate a navy was fully given by the. people to the congress of the United, States; and that congress has from time to time exercised that authority, without any participation by the state governments; it may well be conceived that the legislature did not contemplate affecting ships of war of the United. States, when they [-*310] passed this statute. And if they had, in express terms, subjected such ships to regulations respecting pilotage, it may well be doubted whether the commander or officers of any such ship would have been bound by such statute.
But a reasonable construction of the statute itself sufficiently proves, that the 'egislature intended to limit the operation of its provisions to merchant vessels only, and not to extend them to ships of war. By the eighth section it is enacted that the master of a vessel may refuse the assistance of a pilot, although he should come on board the vessel, and offer to pilot her; but in such case the pilot shall be entitled to half the pilotage fees, and shall have nis action of the case therefor against the master. Now, it cannot be supposed that the legislature meant to subject the commander of a frigate to such an action ; when, upon common principles of law, such commander would not be personally liable for any service ' *261 done to his vessel; the government, and not the agent, being accountable for such service. And by the twelfth section of the statute, a remedy is given to the pilot against the hull, tackle, &c., of any ship he may have piloted, if his fees have not been paid. Now, it would be absurd to suppose that the legislature had the power, or, if it had, would have exercised it, to detain the ships of war of the United States, engaged, as they possibly might be, in expeditions of importance to the government.
It is said that these sections may not apply to public ships; and yet that the other provisions of the statute may. But, when a duty is prescribed by statute, and remedies are provided for a breach of it, which remedies cannot be applied to a particular subject, it may fairly be inferred that the subject was not within the view of the legislature, when they exacted the duty.
The inconveniences, which would result from a contrary opinion, are too manifest to need enumeration. There are many reasons why public vessels should not be subjected *to [ * 311 ] local laws respecting pilotage. Such vessels are generally furnished, in addition to commanders, with sailing-masters, who are supposed to be skilful navigators, and generally acquainted with the coast and harbors of the United States. They therefore may not need pilots; but if they should, as, by the rules and regulations of the navy, great responsibility rests on the commanders of such vessels, they ought to be at liberty to select such persons as they believe most fit to be trusted, without being obliged to submit to the judgment of others.
But it may be further remarked, that the statute, upon which this action is brought, is merely part of a system of pilotage, which was established by the act of 1783, c. 13, this additional act being confined in its operation to the harbor of Boston only. Now, the act to which this is in addition, was passed before the adoption of the present constitution of the United States; and even if the original act had respect to vessels of war belonging to the then United States, it is very clear that the power, vested in congress by the constitution, to establish and regulate the navy, would amount to a repeal of that act; and, of course, it cannot be presumed that the additional act embraced a case which was thus taken out of the jurisdiction of the state.
We are, therefore, for these reasons, all of opinion that the case agreed is not within the purview of the act, on which this action is brought; and that, according to the agreement of the parties, the plaintiff must become nonsuit.

Plaintiff nonsuit.