(Decided 8th March, 1877.)

---

EDWARD KEARNEY *vs.* STATE OF MARYLAND.

*Act of 1872, ch. 316, relating to Appeals in Criminal Cases— No appeal lies under the Act except upon Bill of Exception— No appeal in other cases till after final judgment.*

By the Act of 1872, ch. 316, an appeal is given in criminal cases, but only from rulings and determinations of the Court in the course of the trial, *as is practiced in civil cases.*

But where bills of exception are taken and an appeal is prosecuted under the Act, the final judgment is required to be withheld or suspended until the questions presented by the bills of exceptions are decided by the Court of Appeals.

Kearney *vs.* State.

Where no exceptions are taken no appeal lies under the Act; the right of appeal under that statute, being confined exclusively to the cases where exceptions are taken in the course of the trial.

An order overruling a demurrer to an indictment, is not the subject of a bill of exception, and therefore is not within the provisions of the Act of 1872, ch. 316.

That ruling, could properly, only be reviewed on writ of error, or a proceeding in the nature of a writ of error, as prescribed by Rule 1, for the Regulation of Appeals to this Court, 29 *Md.*, 1; and which could not be resorted to or availed of by the party until there is a final judgment against him.

On appeal from an order overruling a demurrer to an indictment taken after verdict and before any judgment was rendered, it was HELD:

1st. That the case was not in a condition to be removed by writ of error, or proceeding substituted for that writ, and the appeal must be dismissed.

2nd. That when the final judgment should have been rendered, it would be competent for the accused to take the proceeding substituted under the rule for the formal writ of error. But it would be done by virtue of his right at common law, and not under the Act of 1872.

APPEAL from the Criminal Court of Baltimore City.

. The appellant was indicted in the Court below, for receiving United States five-twenty bonds knowing them to have been stolen. A demurrer to the indictment was overruled by the Court, (GILMOR, J.,) and the case proceeded to a trial, and resulted in a verdict of guilty. Before any judgment was rendered the traverser appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*Frank X. Ward* and *R. Stockett Mathews*, for the appellant.

*A. Leo Knott* and *C. J. M. Gwinn, Attorney General,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

The motion to dismiss the appeal in this case must prevail.

There was no bill of exception taken in the trial of the cause, as authorized by the Act of 1872, ch. 316. An appeal is given by that Act in criminal cases, but only from rulings and determinations of the Court in the course of the trial, *as is practiced in civil cases.* But where bills of exceptions are taken, and an appeal is prosecuted under the Act, the final judgment is required to be withheld or suspended until the question presented by the bills of exceptions are decided by the Court of Appeals. As no exceptions were taken no appeal lies under the Act; the right of appeal under that statute being confined exclusively to the cases where exceptions are taken in the course of the trial. In this case, the ruling from which the appeal is taken was made in overruling a demurrer to the indictment, which was not the subject of a bill of exception, and therefore not within the provisions of the Act of 1872, ch. 316. That ruling could, properly, only be reviewed on writ of error, or a proceeding in the nature of a writ of error, as prescribed by Rule 1 for the regulation of appeals to this Court; 29 *Md.*, 1; and which could not be resorted to or availed of by the party until there is a final judgment against him. Here, there has been no final judgment rendered, and consequently the case was not in a condition to be removed by writ of error or proceeding substituted for that writ. When the final judgment shall have been rendered, then it will be competent to the accused to take the proceeding substituted under the rule for the formal writ of error, in order to have the judgment on demurrer reviewed by this Court. That will be done by virtue of his right at common law, and not under the Act of 1872.

*Appeal dismissed.*

(Decided 8th March, 1877.)