(Decided 25th March, 1891.)

JOSEPH FRIEDENWALD *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Widening streets—Award of Damages and Assessment of Benefits—Appeals—Right of Each appellant to a Separate jury Trial—Act of 1878, ch. 143, Code of Public Local Laws, Art. 4, sec. 806—Evidence—Opinion of Witnesses.*

The Act of 1878, ch. 143, (Code of Public Local Laws, Art. 4, sec. 806,) gives the Mayor and City Council of Baltimore full power to provide for laying out, opening, or widening any street, and for granting appeals to the Baltimore City Court from the decision of the commissioners appointed to ascertain the damages which will be caused, or the benefits which might accrue to the owners or possessors of ground or improvements, by widening any street, and for securing to every such owner and possessor the right, on application in due time, to have decided by a jury trial whether any damage has been caused, or any benefit has accrued to them, and to what amount. An ordinance of the said corporation, claimed to have been passed in pursuance of this power, and providing for appeals to the Baltimore City Court, contains the following provision, (City·Code, p. 1001): The said Court "may cause all such appeals to be consolidated, or may hear and decide them separately * * * and the persons appealing * * * as aforesaid shall be secured in the right of a jury trial." Proceedings were had under the above Act, for

widening a street in the City of Baltimore, from which there were three appeals to the Baltimore City Court from the award of damages made by the commissioners, and seventeen appeals from the assessment of benefits. When these appeals were called for trial, the motion was made on the part of the Mayor and City Council that all of said twenty appeals should be tried together before one jury, and the Court ordered this to be done against the protest and objection of the owners of property assessed for benefits. On appeal from this order and other rulings of the Court it was HELD:

1st. That the power conferred by said Act upon the Mayor and City Council to provide for granting appeals, and for securing jury trials to every owner, could not be construed as giving it power to confer upon said Court the large discretionary power as to consolidating cases claimed for it under the ordinance passed in pursuance of said Act.

2nd. That whatever might be the extent of the general common law powers of a trial Judge in this regard, and whether cases like the present are or are not included in the provisions of the Constitution of the United States and the Constitution and laws of this State relating to jury trials, the statute which gives the Mayor and City Council of Baltimore power to conduct cases like the one in question secured to each owner of land assessed a separate jury trial if he should demand it; and this statutory right could not be destroyed, either by an ordinance of the Mayor and City Council, or by the exercise of any supposed discretionary power of the trial Judge.

3rd. That the opinion of a witness that the probable effect of the widening of the street would be that ladies would not be deterred from walking on the street when widened, as they were supposed to be before, by crowds who congregated there, was mere surmise, and such testimony was not admissible to show what would be the effect of an improvement.

4th. That the opinion of a witness as to the skill of the commissioners in assessing his property in the opening of other streets, and the message of a former Mayor to the City Council in regard to the widening of the street in question, could not be properly considered by the jury.

5th. That the jury in assessing benefits for opening or widening the street in question, could not indulge in vague speculations or conjectures, but should only assess such benefits, if any, as it

Friedenwald *vs.* Mayor, &c., of Baltimore.

was fairly and reasonably apparent that the property of the appellants would receive from the proposed improvement, other than the general benefit to the community; and that nothing was to be considered a benefit which did not enhance the value of the property.

6th. That increased facilities for travel, enjoyed by the property owner in common with the community in general, was not a proper element to be considered by the jury in estimating benefits.

Under the system now in force in Baltimore City each assessment must stand upon its own merits.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

*First Exception.*—Stated in the opinion of the Court.

*Second Exception.*—The appellant offered evidence tending to show that the property of the benefit appellants, in the opinion of the witnesses, would receive little or no enhancement in value from the proposed widening of East Baltimore street; that the property would rent for no more on account of the proposed improvement.

On cross-examination, the City Solicitor asked some of the witnesses if the widening of the street would not make a better and more commodious highway from East Baltimore, and from the dwelling-house of the appellant, situated at the corner of Baltimore and Aisquith streets, to the central and business portions of the city, and some of them said it would. And he further proved on cross-examination, that in the opinion of witnesses for appellant, if the street was wider, ladies could then walk along and through the portion of East Baltimore street proposed to be widened, with less annoyance from crowds of loungers than they would be able to do at present, and that three people could not now walk abreast on the pavement when meeting any one. He then asked one of

the witnesses of appellant on cross-examination, if ladies
were not deterred from walking through the narrows,
the portion of the street to be widened, by the crowds
who congregate there, and if this would not be remedied
by the proposed improvement.

The appellant objected to this question, but the Court
(HARLAN, J.) overruled the objection and caused the
witness to answer, and he said that probably it would
have that effect.    The appellant excepted.

*Third Exception.*—The appellant produced a witness,
who stated that he thought the widening of East Balti-
more street would not enhance the value of the property
assessed, but that it would be a benefit to the whole of
East Baltimore.    The City Solicitor, on cross-examina-
tion, asked the witness if he did not know that the great
majority of the people in the assessed district favored the
improvement; to this question the appellant objected.
but the Court overruled the objection and permitted the
question to be asked and answered.    The appellant ex-
cepted.

*Fourth Exception.*—The appellant then offered in evi-
dence the message of Mayor Vansant, a former Mayor of
Baltimore, sent by him as Mayor to the City Council in
1875, upon the subject of the widening of East Balti-
more street, to be found at page 421 of the journal of the
Second Branch of the City Council, 1875, published by
authority of the Mayor and City Council of Baltimore.
The City Solicitor objected, and the Court sustained the
objection and excluded the message from evidence.    The
appellant excepted.

*Fifth Exception.*—The city, to sustain the issue on its
part, proved by W. W. McClellan, that he was thoroughly
familiar with property in the City of Baltimore; that he
had given special and particular attention to the opening
of streets, and had observed its effects upon values.    He
was then asked by the City Solicitor: "State what expe-

rience you have had in ascertaining the benefit to prop-
erty upon which benefits had been assessed by the city
for the opening and widening of streets?''

To this question the appellant objected, but the Court
overruled the objection and permitted the question to be
asked, and the witness answered: ''For the past thirty
years I have been engaged in opening and widening of
streets; I have had wide experience in paying benefits;
I have paid large amounts and have made money by pay-
ing the same, and have never had occasion to appeal
because the property has always been benefited to the
extent of the benefits levied; speaking from that expe-
rience I tell the jury that in my opinion there is not one
benefit assessment here which is too high.'' To which
ruling of the Court in permitting the question to be
asked and to the ruling permitting the answer to be
received in evidence, the appellant excepted.

*Sixth Exception.*—The appellant offered the ten follow-
ing prayers:

1. In assessing benefits for opening or widening East
Baltimore street, the jury cannot indulge in vague spec-
ulations or conjecture, but must only assess such bene-
fits, if any, as it is, in their opinion, fairly and reason-
ably apparent that the property of the appellant will
receive from the proposed improvement, other than the
general benefit to the community.

2. That the jury are to assess against the appellant
only such benefits (if any) as in the opinion of the jury
the property assessed may be benefited by the widening
of Baltimore street, over and above the ordinary benefit
which the community at large may derive from the said
widening of Baltimore street.

3. That in assessing benefits (if any, under all the
facts, to be assessed) the jury are to assess only the
enhanced value which the property of the appellant
receives by the proposed improvement, and which is

peculiar to such property and different from the general benefits, if any, received by the other property in the city not assessed for benefits.

4. That the jury shall not assess the property of the appellant for benefits, if they find the advantage to be derived by the widening of East Baltimore street, is the general benefit that will be derived by adjacent property of having a broader street to pass through from one portion of the city to the other, and no special benefit to the property of the appellant apart from the benefit to adjacent property.

5. The jury cannot consider as special and peculiar benefits, any benefits which are shared by the property assessed with other classes of property or neighborhoods which are not assessed for benefits.

6. If the jury believe that the property on the cross streets intersecting Baltimore street, where it is proposed to widen it, receives the same character of benefit as the property of any of the appellants, although to a lesser degree, and that the property on such cross streets is not assessed, then there can be no assessment upon the property of such appellant.

7. That the fact, if it be a fact, that persons living in property assessed for benefits, but not situated in the portion of the street to be widened, have, in common with all other persons desiring to go to the portion of the city at the opposite side of the narrows or portion of Baltimore street to be widened, a more convenient highway upon which to travel, is not such a special advantage as will justify the jury in assessing benefits upon such property.

8. That the property situated upon the portion of East Baltimore street, intended to be widened, can only be assessed for such enhancement in value, if any, as it will receive from the said improvements, which is different in character from the enhancement in value which

will be received by other property not in said portion of Baltimore street and which is not assessed for benefits.

9. That nothing is to be considered a benefit which does not enhance the value of the property.

10. That unless the widening of Baltimore street, in the opinion of the jury, makes the property of the appellant more valuable to use, he can be assessed with no benefits, even if the jury may believe that its market value is increased.

The Court granted •the first, second and ninth prayers of the appellant, and rejected his other prayers.

The appellant excepted and this appeal was taken.

The cause was argued before MILLER, ROBINSON, BRYAN, FOWLER, and McSHERRY, J.

*Bernard Wiesenfeld,* and *William S. Bryan, Jr.,* for the appellant.

*Albert Ritchie, City Counsellor,* (with whom was *William A. Hammond, City Solicitor,* on the brief,) for the appellee.

FOWLER, J., delivered the opinion of the Court.

The appellee, the Mayor and City Council of Baltimore, by virtue of power conferred upon it by the Act of 1878, chapter 143, instituted proceedings for the widening of East Baltimore street. From these proceedings there were three appeals to the Baltimore City Court from the award of damages made by the Commissioners, and seventeen appeals from their assessment of benefits.

When these appeals were called for trial, and before the jury was sworn, the Mayor and City Council moved that all of said twenty appeals should be tried together before one jury. The owners of property assessed for

benefits objected to this motion, and asked that their cases might be tried separately from the three appeals from assessments for damages. But their request was refused, and all of the cases, against their protest, were tried together before the same jury.

This action of the Court forms the ground of the first bill of exception.

The appellee contends that the Court below was fully justified in consolidating these cases by the provisions of the Act of 1878, chapter 143, (Code, Public Local Laws, Art. 4, sec. 806,) and the ordinance claimed to have been passed in pursuance thereof, found in the City Code at page 1001. The Act gives the appellee full power to provide for laying out, opening, or widening any street, and to provide for granting appeals to the Baltimore City Court from the decision of the Commissioners appointed to ascertain the damages which will be caused, or the benefit which might accrue, to the owners or possessors of ground or improvements, by widening any street, and for securing to *every such owner and possessor* the right, on application in due time, to have decided *by a jury trial* whether any damage has been caused, or any benefit has accrued, to them and to what amount.

The ordinance provides for appeals to the Baltimore City Court, and there follows this provision, the said Court "may cause all such appeals to be consolidated, or may hear and decide them separately * * * and the persons appealing * * as aforesaid *shall be secured in the right of a jury trial.*"

The power conferred by the Act to provide for granting appeals, and for securing jury trials to every owner, cannot, we think, be construed as giving the appellee power to confer upon said Court such large discretionary power as is claimed for it in this case, under the city ordinance. We do not doubt that the learned Judge

below acted in accordance with what has been the prac-
tice in that Court, but we are now for the first time to
decide whether such a practice is warranted by law.
The question is a very narrow one, and depends upon
the construction of the Act of 1878, ch. 143, before
referred to. This Act, so far from giving the City Court
discretionary power to consolidate, uses language which
seems clearly to deny it. In the same section in which
power is conferred upon the appellee to provide by ordi-
nance for granting appeals, special provision is made for
securing, in the language of the Act, "to *every such
owner and possessor*, the right * * * to have decided
by *a jury trial* whether any damage has been caused, or
any benefit has accrued to them." To the word "every,"
as here used, must be assigned its ordinary meaning,
namely, "each individual of the whole class." "The
word" says Webster, "includes the whole number, but
*each* separately considered." It would follow, therefore,
that each owner, according to the terms of the Act, is
to have a jury trial; and such a trial necessarily includes,
according to the provisions of Article 51, section 13, of
the Code, the right of each owner to have a list of twenty
names from which he may strike four. The course pur-
sued by the Court below deprived the appellant of this
valuable privilege secured to him by the law.

It was urged, however, that apart from the express
authority supposed to have been given by the ordinance,
the Court had the right to consolidate, under its com-
mon law powers, and that the proceedings in question
are not such civil cases as are contemplated by the Con-
stitution and laws securing jury trials in civil proceed-
ings. In answer to these views, it is sufficient to say
that whatever may be the extent of the general com-
mon law powers of a trial Judge in this regard, and
whether cases like the one before us are or are not in-
cluded in the provisions of the Constitution of the United

States, and our own Constitution and laws relating to jury trials, the statute which gives the appellee power to conduct cases like the one before us, secures to each owner of land assessed a separate jury trial, if he should demand it.   And, of course, this statutory right cannot be destroyed, either by an ordinance of the Mayor and City Council, or by the exercise of any supposed discretionary power of the trial Judge.

The second, third, fourth and fifth bills of exception relate to the admissibility of evidence, and may be disposed of in a few words.   The opinion of the witness that the probable effect of the widening of the street would be, that ladies would not be deterred from walking on the street when widened, as they are supposed to be now, by crowds who congregate there, was certainly only surmise, and such testimony is not admissible to show what will be the effect of an improvement.   *Burt vs. Wigglesworth,* 117 *Mass.,* 306.

The third bill of exception is based upon an objection to a question allowed to be put to a witness in regard to the opinion of a majority of the people in the assessed district as to the effect of the proposed improvement; but the record fails to disclose the answer.   Under such circumstances, we have said we cannot reverse.   *Lawson vs. Price,* 45 *Md.,* 133; *Baltimore & Yorktown Turnpike Road vs. State,* 63 *Md.,* 581.

We think the testimony referred to in the fourth and fifth bills of exception should also have been excluded.

It does not appear how the opinion of the witness McClellan, as to the skill of the Commissioners in assessing his property in the opening of other streets, nor the message of a former Mayor to the City Council in regard to the widening of the street in question, could be properly considered by the jury in this case.

This brings us to a consideration of the instructions.. The appellant offered ten prayers, and the appellee none.

The first, second and ninth were granted, and the others were rejected.

The first prayer instructed the jury that "in assessing benefits for opening or widening Baltimore street, the jury cannot indulge in vague speculations or conjecture; but must only assess such benefits, if any, as it is, in their opinion, fairly and reasonably apparent that the property of the appellants will receive from the proposed improvement, other than the general benefit to the community."

The second prayer contains substantially the same proposition, and the ninth told them that "nothing is to be considered a benefit which does not enhance the value of the property."

These instructions, we think, fairly and clearly set forth the law, as applicable to assessments for benefits as announced by this Court in *Hawley, et al. vs. The Mayor and City Council of Baltimore,* 33 *Md.,* 281; *Gould vs. Mayor, &c. of Baltimore,* 59 *Md.,* 380, and other cases. Only the *direct benefits* are to be assessed, and the jury were instructed that these are such as actually and substantially accrue to the property holder, and such as "it was fairly and reasonably apparent in their opinion the property would receive other than the general benefit to the community."

The ninth prayer, which was granted, instructed the jury that the enhanced value of the property is the true standard by which to measure the benefits.

This is, as we have said, the rule as settled in this State, and it follows that the tenth prayer was properly refused, because it asserts that no benefits can be assessed, even if the value is enhanced, unless at the same time the proposed improvement makes the property more valuable to use.

There can be no doubt about the general proposition that increased facilities for travel enjoyed by the appel-

lant, in common with the community in general, is not a proper element to be considered by the jury in estimating benefits. But the jury had already been fully instructed upon this point by the first and second instructions, and we, therefore, find no error in the rejection of the seventh prayer, which we understood to assert substantially the same proposition.

The other rejected prayers seem to raise the question of comparative assessments.

Under the system now in force in Baltimore City, "each assessment must stand upon its own merits." It was so held in *Hawley's Case*, where it is said, "The benefits assessed are not required to cover the expenses of opening a street. So far as they may go, they are to be appropriated to that purpose, but any deficiency in the amount is required to be paid by the city."

By reason of the errors indicated, the judgment appealed from will be reversed.

*Judgment reversed, and*
*new trial awarded.*

(Decided 25th March, 1891.)