The State of Iowa v. Wilson.

moved to dismiss the appeal, for the following reasons: 1. No notice of appeal was ever served upon the appellee, or upon the clerk of the district court; 2. The notice of appeal was served by R. S. Hanks, one of the defendants.

*J. E. Neal*, for the motion.

*L. D. Ingersoll*, contra.

---

THE STATE OF IOWA *v.* WILSON.

The fact that a person called as a petit juror, on the trial of an indictment, in which the defendant is charged with stealing a horse, was a member of " an association or organized company, for the prosecution of persons generally, arrested for horse stealing," will not disqualify the juror.

Where on the trial of an indictment, in which the defendant was charged with stealing a horse, the defendant propounded to a petit juror an interrogatory as follows: " Do you belong to any association or organized company in this county, for the prosecution of persons generally, arrested for horse stealing?" which being objected to, was asked as follows: Do you belong to any association existing in this county, to prosecute this, (and other cases), on charge of horse-stealing? which was also objected to; and where the court sustained the objection, but allowed the juror to be interrogated in the following form: Are you a member of any organization existing in this county, or elsewhere, engaged in prosecuting this case; *Held*, 1. That the court did not err in sustaining

the objections to the interrogatories of the defendant; 2. That the shape in which the questions should be put to the juror, was a matter within the discretion of the court, and that the discretion had not been improperly exercised.

Where on the trial of a party charged with stealing a horse, a witness states that he is possessed of the signs and tokens by which horsethieves are known and recognized by each other, it is not error for the court to refuse to compel the witness to disclose the said signs and tokens.

Where a party moves to rule out testimony, the ground of objection to the evidence should be distinctly stated; and the fact that it was not stated, is a sufficient reason for overruling the motion.

Where on the trial of an indictment, the defendant asked the court to instruct the jury as follows: "That verbal confessions of guilt are to be received from a single witness with caution;" which the court refusto give as asked, but gave in the following shape: "That verbal confessions of guilt, uncorroborated by cirmcustances, are to be received with great caution;" and where the defendant further asked the court to intruct: "That extra-judicial confessions—that is, confessions made out of court—when testified to by but a single witness, and where the property is not traced to the possession of the accused, are not alone sufficient to convict;" which the court modified, so as to make it read as follows: "That extra-judicial confessions, when testified to by but one witness, uncorroborated by circumstances," &c.; *Held*, That the modifications of the court did not essentially vary the principle embodied in the instructions.

*Appeal from the Des Moines District Court.*

WEDNESDAY, JUNE 8.

INDICTMENT for larceny, in stealing a horse. While the jury were being impanneled, the defendant propounded to one of the jurors, the following interrogatory : Do you belong to any association, or organized company, in this county, for the prosecution of persons generally, arrested for horse stealing? which being objected to, the objection was sustained by the court. The defendant then asked the juror: Do you belong to any association existing in this county, to prosecute this (and other cases) on charge of horse stealing? To this question, the court also sustained an objection, and decided that the question might be put in this form : Are you a member of any organization existing in this county,

The State of Iowa v. Wilson.

or elsewhere, engaged in prosecuting this case? To this ruling of the court, the defendant excepted. The defendant also asked another juror the following question : Does your mind feel as free and independent to decide as a juror in this case, as it would, if there was no excitement, or outside influences in reference to this case? The state having objected to this question, the same was sustained by the court.

On the trial, the state called one Miller as a witness, who testified, among other things, that he possessed the signs and tokens by which horse thieves are known to each other ; that by means of these signs, he acquired the confidence of the defendant ; and that in a conversation with him, the defendant confessed to him the larceny of the horses, for which he was then on trial. Upon cross-examination, the witness was asked to state what those signs were, which he declined to state, and the court decided that the witness might answer or not, as he pleased.

A witness called upon the part of the state, testified that the general character of Miller, for truth and veracity, was good ; and upon cross-examination, stated that the only grounds he had for testifying that Miller's character was good, was that a majority of the people he had heard talk on that subject, spoke in favor of his character being good. The defendant then moved to rule out this testimony. The court overruled the motion, and allowed the evidence to go to the jury.

After the evidence was closed, the defendant asked the court to instruct the jury as follows : " That verbal confessions of guilt, are to be received from a single witness with caution, because such evidence is not in the ordinary course of things, to be disproved by that sort of negative evidence by which the proof of business facts may be confronted." This instruction the court refused to give as asked, but gave it as follows : " That verbal confessions of guilt, uncorroborated by circumstances, are to be received with great caution." The court was then further asked to instruct : " That extra-judicial confessions, that is, confessions made

The State of Iowa v. Wilson.

out of court, when testified to but by one witness, and when the property is not traced to the possession of the accused, are not alone sufficient to convict," which was also refused as asked, but given by the court in the following form : " That extra-judicial. confessions, when testified to by but one witness, *uncorroborated by circumstances*," &c.

The jury found the defendant guilty. The defendant moved in arrest of judgment, and for a new trial, which being overruled, he was sentenced to the penitentiary for two years, from which judgment he appeals.

*David Rorer*, for the appellant, in support of the various errors assigned, cited *State* v. *Godfrey*, Brayt., 170 ; *The People* v. *Bodine*, 1 Denio, 305 ; *Commonwealth* v. *Eagan*, 4 Gray., 18 ; *McCarty* v. *The State*, 26 Miss., 299 ; *U. S.* v. *Hanway*, 2 Wallace C. C., 139 ; *The U. S.* v. *Wilson & Porter*, 1 Bald. C. C., 84 ; 1 Greenl. Ev., 233 ; *Rex* v. *Stokes*, 1 Law. Reg., 435 ; *Smith* v. *Bonham*, 3 Summ., 438.

*S. A. Rice*, (Attorney General,) for the state, cited Whart. Crim. Law, (3d ed.), 852 ; *State* v. *Benton*, 2 Dev. & Bat., 196 ; *Williams* v. *The State*, 3 Kelley, 453 ; *The People* v. *Horton*, 3 Wend., 9 ; *Cleave's Case*, 8 Gratt., 606 ; *Com.* v. *Webster*, 5 Cush., 295 ; 1 California, 379 ; Code, sec. 2986 ; 1 Greenl. Ev., sec. 431 ; 1 Starkie, 182.

STOCKTON, J.—If the court had allowed the question to be asked, as propounded by the defendant, and the juror had answered, that he was a member of " an association, or organized company, for the prosecution of persons generally, arrested for horse-stealing," such fact, if shown, would not have disqualified the juror, and is not one of the causes for which a challenge for implied bias, is allowed by the statute. Code, sec. 2986.

It is claimed for defendant, however, that the answer to the question, if allowed by the court, might have determined the mind of the defendant, as to the exercise of his right of

peremptory challenge.  In this latter view of the subject, we think, the shape in which the questions should be put to the juror, was a matter within the discretion of the court. In this instance, the court ruled that the witness might be asked, "whether he was a member of any organization existing in the county, or elsewhere, engaged in prosecuting the present cause." We think there was no improper exercise of the discretion of the court, and no prejudice has resulted to the defendant, from the change in the form of the question made by the court.

A witness for the prosecution, testified that he was possessed of the signs and tokens by which horse-thieves are known and recognized by each other; and that by means of such signs, he acquired the confidence of the defendant, who, in a conversation with the witness, confessed to him the larceny of the horses for which defendant was then on his trial.  On cross-examination, the witness was asked by the defendant, what the signs were, and he declined to answer.  The court ruled that the witness might answer or not, as he pleased, and refused to compel him to make known the said signs. In this ruling of the court, we think, there was no error.

A witness called for the state, testified that the general character of William H. Miller for truth and veracity, was good.  On cross-examination, the witness stated, "that the only grounds on which he testified that Miller's character was good, was that a majority of the people he had heard speak on the subject, spoke in favor of his character being good." The defendant thereupon moved the court to rule out the testimony of the witness.  The court refused the motion.

The objection to the testimony was not stated.  All that appears by the record, is the motion to rule out the testimony, the refusal of the court, and the exception of the defendant.  The ground of the objection should have been distinctly stated; and the fact that it was not so stated, was

a sufficient reason for overruling the motion. *Danforth, Davis & Co.* v. *Carter and May*, 1 Iowa, 552 ; *Patterson* v. *Stiles*, 6 Iowa, 54.

The court was asked to instruct the jury, that " verbal confessions of guilt are to be received with great caution." The court refused to give the instruction as asked, but gave the same in the following form : " Verbal confessions of guilt, uncorroborated by circumstances, are to be received with great caution." The court was further asked to instruct the jury, that " extra-judicial confessions—that is, confessions made out of court—when testified to by but one witness, and where the property is not traced to the possession of the accused, are not alone sufficient to convict." This instruction was modified by the court, in the same manner as the preceding one, so as to read : " Extra-judicial confessions, when testified to by but one witness, uncorroborated by circumstances, &c.," and in the latter form was given to the jury. The defendant excepted to the modifications made by the court, and now assigns for error the refusal of the court to give the instructions as asked by him.

We are unable to perceive that the modification made by the court, essentially varied the principle embodied in the instruction. The addition made by the court was, perhaps, rendered necessary by the circumstances of the present case, and it is not made to appear that any prejudice has resulted therefrom to the defendant.

Other errors are assigned, which it will not be necessary for us to notice in this opinion. No such error has been shown in the proceedings of the court, as to call for a reversal of the judgment.

Judgment affirmed.