No. 262.—STATE OF LOUISIANA *v.* MARTIN TALLY.

The jury, in a verdict of manslaughter, have nothing to do with fixing the punishment. Evidence which goes only to the mitigation of punishment, and is conceded not to constitute any legal excuse, is therefore irrelevant and not admissible.

The jury are the judges of the law and the facts, but when sitting on the trial of a criminal cause, they should take the law as given them by the judge. The jury may, however, disregard the construction of the law as given by the judge.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee, J. James S. Ashton,* district attorney, for the State. *James W. Duncan, J. C. Moncure* and *A. W. O. Hicks,* for defendant and appellant.

Howe, J. The defendant was indicted for murder, found guilty of manslaughter and sentenced accordingly, and has appealed.

We will examine the points in the order in which they are presented in the appellant's brief. He contends:

*First*—That the judge *a quo* erred in not permitting the defendant to prove how the killing of F. W. Tally, the father of the defendant, by O'Neal, whom the defendant killed, occurred, the State having admitted that O'Neal had killed said F. W. Tally.

The judge excluded the testimony on the ground that the killing of defendant's father by O'Neal in August, 1870, could turn sh no legal excuse for the killing of O'Neal by defendant in April, 1871. We do not think the judge erred; and, indeed, we do not understand the defendant as claiming here that the facts offered to be shown, if shown, could do anything more than go to the alleviation of punishment. But the jury in this case have found a verdict of manslaughter, and for the practical purposes of this case we must look at the offer of proof from the point of view of this verdict. Now, in manslaughter the jury have nothing to do with fixing the time of imprisonment, and therefore any evidence which goes to a mitigation of punishment only, and is conceded to constitute no legal excuse, is irrelevant before the jury.

*Second*—That the court erred "in excluding the dying declarations of F. W. Tally, the father of defendant, offered for the purpose of showing the influences under which the defendant acted in killing O'Neal, and as producing in his mind the belief that his father was murdered by O'Neal."

The judge excluded the testimony for the reason that it had already been shown that F. W. Tally was killed by O'Neal on the sixteenth August, 1870, and the killing in this case took place on the eighth day of April, 1871, and the suggestions of the dying man to his son could not, under such circumstances, constitute any excuse after so long a delay, if at all.

The answer we have given to the first point is an answer to this, and we do not think the judge erred.

*Third*—That the judge erred, while discussing with counsel the ad-

missibility of the testimony thus offered, "in characterizing the killing of O'Neal as a murder." The judge in the bill of exceptions says in reference to this point: "The court referred necessarily to the specific facts by way of stating its reasons in ruling a question of evidence raised by defendant, and they were necessary." We take this statement of the judge as true, and with his explanation we fail to perceive any error. The conclusion from the whole bill is, that the judge declared that the fact that O'Neal was a murderer would not justify his murder, a proposition of law, the enunciation of which could afford the appellant no ground of complaint.

*Fourth*—That the judge erred in his charge to the jury in reference to their being judges of both law and facts. We may here remark that we can not notice the affidavits which appear annexed to the record relating to the disputed question as to what the judge charged on this point. Nor can we pass upon the bill of exceptions found at page five of the record, which refers to a paper which appears to be lost, and without which the bill is incomprehensible. Nor can we notice the request to charge on this subject at page nineteen, which was refused, as the appellant took no exception to such refusal. We find, however, at page twenty, that the judge charged the jury "that they were judges of the law and fact, but they are expected to receive the law as given them by the judge."

We see no error in the charge above quoted. The jury are judges of the law and fact, but the judge is required to give them a knowledge of the law applicable to the case. R. S. § 991. It would be a vain thing for him to give them this knowledge if they were not to receive it. On the contrary, they are expected, and ought, as a rule, to receive it, though they are under no compulsion to do so. State *v.* Ballerio, 11 An. 81; State v. Scott, 11 An. 429; State *v.* Scott, 12 An. 386; 17 An. 71.

*Fifth*—"That the court erred in permitting the jury, in their retirement to consider of their verdict, to have in their room Wharton's Criminal Law to consult in relation to their verdict."

The facts implied in this proposition are not certified to us in such a way that we can apply the law to them. The judge refused to sign a bill of exceptions in which they were recited, and the only bill in which they are alluded to is one taken to such refusal. The appellant, who has taken no steps to compel the judge to certify the facts in the proper form, can not complain. But we deem it not improper to remark that we see no force in the point, if it be presented.

*Sixth*—"That the court erred in refusing to grant a new trial after it was discovered that the written charge of the court, prepared at the request of defendant's counsel, had been lost, as well as the charge given at the request of the district attorney and excepted to."

We do not find any such reason given in the motion for a new trial in the record, nor anything to show that the document was lost at the time the motion was heard, or that the matter was ever brought in any way to the attention of the district judge as a reason for a new trial or in any other view. We can not say, therefore, that he erred, for this reason, in refusing the motion for a new trial.

Judgment affirmed.

Rehearing refused.