(Decided 23rd June, 1876.)

---

## LEWIS BROLL *vs.* THE STATE OF MARYLAND.

*Demurrer—Practice in the Court of Appeals—Jury not bound by the Instructions of the Court in Criminal cases—Discretionary with the Court in Criminal cases to advise the Jury upon the law, or the Legal effect of the Evidence—Construction of the Act of 1872, ch. 316, authorizing Exceptions in Criminal cases.*

Where the demurrer to an indictment is not set out in the record transmitted to the Court of Appeals, it is not properly before the Court for review.

The jury, in the trial of criminal cases, being the judges of law as well as of fact, are not bound by any instruction given by the Court. They are at liberty to find a verdict in direct opposition to the instruction.

In the trial of criminal cases the Court *may* advise the jury as to the law and legal effect of the evidence, but is not bound to do so, and being a matter within its discretion, its refusal to do so cannot be reviewed on appeal.

The Act of 1872, ch. 316, which authorizes exceptions to be taken in criminal cases, only applies to such rulings as the Court may be called upon to make with regard to the admissibility of evidence during the trial.

APPEAL from the Circuit Court for Anne Arundel County.

The appellant was indicted in the Circuit Court for Anne Arundel County, for a violation of the Act of 1874, ch. 181, relating to Oysters. The indictment contained six counts; the first, second, third and fourth were abandoned by the State, the fifth and sixth were as follows:

5. And the jurors aforesaid, upon their oath aforesaid, do further present, that the said Lewis Broll, of the county aforesaid, on the said second day of October, in the year eighteen hundred and seventy-five, with force and arms, at the county aforesaid, being then and there the master of a certain boat, to wit, a pungy called the "James Bulack," and having then and there a license, No. 48, duly issued according to law, authorizing him, the said Lewis Broll, to use and employ said boat in catching oysters with scoop, dredge or similar instrument, within the waters of the Chesapeake Bay and Eastern Bay, outside of a line drawn from the southwest corner of second Kent Point to Wade's Point, but which said license did not then and there authorize the catching of oysters with scoop, dredge or similar instrument, on any oyster bar within one and a half miles of Holland Island Bar, unlawfully then and there, to wit, on the day and year aforesaid, at the county aforesaid, in the waters of said county, in the State aforesaid, and on an oyster bar then and there, within one and a half miles of Holland Island Bar, did use and employ said boat, as in this count aforesaid, in catching oysters with a certain instrument called a dredge, contrary to the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State.

6. And the jurors aforesaid, upon their oath oforesaid, do further present, that the said Lewis Broll, late of the county aforesaid, on the second day of October, in the year eighteen hundred and seventy-five, with force and arms, within the limits of this State, but without the body of any county thereof, and within the jurisdiction of the Circuit Court for Anne Arundel County, a Court having then

and there criminal jurisdiction of similar crimes, and before which said Court, the said Lewis Broll was duly brought for trial, being then and there the master of a certain boat, to wit, a pungy called the "James Bulack," and having then and there a license, No. 48, duly issued according to law, authorizing him, the said Lewis Broll, to use and employ said boat in catching oysters with scoop, dredge or similar instrument, within the waters of the Chesapeake Bay, and in Eastern Bay, outside of a line drawn from the southwest corner of second Kent Point to Wade's Point, but which said license did not authorize the catching of oysters with scoop, dredge or similar instrument, on any oyster bar within one and a half miles of Holland Island Bar, unlawfully, to wit, on the day and year aforesaid, within the limits of this State, but without the body of any county thereof, and within the jurisdiction of this Court, and within the waters of the Chesapeake Bay, in the State aforesaid, on an oyster bar within one and a half miles of Holland Island Bar, did use and employ said boat, as in this count aforesaid, in catching oysters with a certain instrument called a dredge, contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State.

Although the demurrer was not set out in the record, it would appear that there was a demurrer to the indictment and that it was overruled. The traverser pleaded not guilty and was tried. The jury found that the traverser was guilty on the fifth count, and not guilty on the sixth count of the indictment.

After the close of the evidence, the traverser asked an instruction to the jury which is set out in the opinion of this Court. The instruction was refused and the traverser excepted, and the verdict being against him, he appealed.

The cause was submitted to BARTOL, C. J., STEWART, GRASON, MILLER and ALVEY, J.

No appearance for the appellant.

*Attorney General Gwinn,* for the appellee.

GRASON, J., delivered the opinion of the Court.

The record in this case shows that, the appellant was indicted in the Circuit Court for Anne Arundel County, for a violation of the second section of the Act of 1874, chap. 181,—Title, "Oysters." In the bill of exceptions set out in the record, is a memorandum as follows: "General demurrer filed; joinder in demurrer; demurrer overruled; leave granted to plead." From this it would appear that there was a demurrer to the indictment. The record however, does not set out the demurrer, and therefore it is not properly before us for review. *Wheeler vs. The State,* 42 *Md.,* 565. We have however carefully examined the indictment, and the Act of Assembly under which the appellant is indicted, and are satisfied that the indictment is sufficient.

The appellant after the close of the evidence, asked the Court to instruct the jury that if they should find that the appellant was not the owner of the pungy, "James Bulack," at the time named in the indictment, then he was not answerable, and should not be convicted on the fifth and sixth counts of the indictment. The other counts had been abandoned by the State. The Circuit Court refused to grant the instruction, giving in writing as its reason therefor, that "the jury being by the Constitution, judges of the law of criminal cases tried by them, the Court declines to instruct them in this case." Article 15, sec. 5, of the Constitution of 1867 provides, that "in the trial of all criminal cases, the jury shall be the judges of law as well as of fact." The jury then, being judges of law as well as of fact in criminal cases, would not be bound by any instructions given by the Court, but would be at perfect liberty to utterly disregard them and find a

verdict in direct opposition to them. No Court in this State can be *required* by the counsel or jury, to give instructions either upon the law or the legal effect of the evidence given at the trial. This seems to have been the opinion of this Court, held in the case of *Franklin vs. The State,* 12 *Md.*, 246, 249. The Court *may* in its discretion, advise the jury as to the law and legal effect of the evidence, but is not bound to do so, and being a matter entirely within its discretion, its refusal to do so cannot be reviewed by this Court, even if this case is now properly before us upon this appeal. It seems to have been supposed that the Act of 1872, chap. 316, which authorizes exceptions to be taken in criminal cases, also authorizes exceptions such as the one presented in this record. That Act can only apply to such rulings as the Court may be called upon to make with regard to the admissibility of evidence during the trial. It is impossible that the Legislature contemplated giving the right to parties in criminal cases to have instructions upon the law and the legal effect of the evidence, and exceptions to such rulings, in the face of the Constitutional provision under which juries are at liberty to treat such instructions with utter disregard, and to find their verdict in direct opposition to them.

*Appeal dismissed.*

(Decided 23rd June, 1876.)