(Decided 30th June, 1881.)

---

ELTON G. ZIMMERMAN *vs.* THE STATE OF MARYLAND.

*Examination of Jurors upon their Voir dire—Cross-examination of Witnesses—Effect of allowing an improper Question, if the same be not answered—Exclusion of testimony as too remote and vague—Admissible proof to Contradict a witness to an Alibi.*

In a case of larceny, after several jurors had been sworn, the first who had been sworn, stated that he had formed and expressed an opinion in regard to the guilt or innocence of the accused, and upon being sworn upon his *voir dire*, and asked by the Court whether he had formed or expressed an opinion before being sworn in the case, answered "yes," and being then asked by the Court whether the opinion he had formed would prevent him from rendering a fair and impartial verdict in the case, replied, that

Zimmerman *vs.* State.

under the oath which he had taken it would not. On objection to his being sworn on his *voir dire*, and to the questions put to him by the Court, it was HELD:

1st. That it was not only proper, but the duty of the Court to make the investigation as to the juror's competency, and to discharge him from the panel if it should turn out that he was not qualified, or to retain him as a juror if it should be found that the opinion he had formed was such as not to disqualify him.

2nd. That the questions propounded to the juror for the purpose of ascertaining the true character of the opinion he had formed, were entirely proper, and his answers to them showed that he was a competent juror.

Where a person examined on his *voir dire*, states that he has formed an opinion in regard to the guilt or innocence of the accused, it is no error in the Court to exclude him as a juror, without pressing the examination further, for the purpose of ascertaining upon what that opinion was based.

The extent to which the Court will go in such examinations, is a matter which rests in its discretion.

On a trial for a larceny committed on Saturday, the 21st of August, a witness for the defence having testified to his having seen the accused the evening of Sunday, the 22nd of August, there can be no objection to his being asked on cross-examination whether he had seen the traverser on the evening before the one of which he was testifying.

A party is not hurt by the action of the Court in overruling his objection to a question, even if the question be an improper one, if the question be not answered by the witness.

A witness for the defence on a trial for the larceny of cattle, committed on Saturday, the 21st of August, testified that on the next day, Sunday, he heard a noise and rumbling as of some one driving by his house, which was very close to the turnpike, and heard some one cry out, (using only four words,) and about two weeks afterwards, when he heard that the accused had been at a bush-meeting in the vicinity on that day, he thought it was the accused. HELD:

That this evidence was too slight and remote, and was properly withdrawn from the jury.

The defence offered proof of an *alibi*, by showing that from 2.30 on Sunday morning, till dinner time of the same day, the accused was

Zimmerman *vs.* State.

at home, and consequently could not have committed the larceny. HELD:

That it was admissible to prove on the part of the prosecution, for the purpose of contradicting the witness to the *alibi*, that the accused was somewhere else at seven o'clock on that day, notwithstanding the State had offered some evidence in chief, to show the whereabouts of the accused about the time when the larceny was said to have been committed.

APPEAL from the Circuit Court for Frederick County.

The appellant was indicted for a larceny of cattle, alleged to have been committed by him on the 21st day of August, 1880. The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, ALVEY, ROBINSON, IRVING and MAGRUDER, J.

*James McSherry*, for the appellant.

*Charles J. M. Gwinn, Attorney-General,* for the appellee.

GRASON, J., delivered the opinion of the Court.

The appellant was indicted, tried and convicted in the Circuit Court for Frederick County, for the larceny of certain cattle. During the trial one exception was taken by the State, and nine by the appellant; the first, fourth, fifth and sixth of which were however abandoned at the time of the argument of the case in this Court, and we shall therefore consider such of the appellant's exceptions as were relied upon in this Court.

*Second Exception.*—After seven jurors had been sworn, the first of those sworn arose, and stated to the Court, that he had formed and expressed an opinion in regard to the guilt or innocence of the traverser, and thereupon the Court ordered said juror to be sworn on his *voir dire*, whereupon the appellant by his counsel, objected to said juror being sworn on his *voir dire*, but the Court over-

ruled the objection, and having been sworn, the juror was asked by the Court whether he had formed or expressed an opinion before being sworn in this case? and he answered "yes." The Court then asked him whether the opinion he had formed, would prevent him from rendering a fair and impartial verdict in the case? to which he replied that, under the oath he had taken, "to well and truly try the issue, and a true verdict give according to the evidence," it would not. Objections were made to the swearing of the juror on his *voir dire,* as also to the questions asked by the Court after he was so sworn, but the Court overruled the objections, and the appellant excepted to said rulings. It was perfectly proper, after the Court was informed by the juror that he had formed an opinion with regard to the guilt or innocence of the appellant, to examine him upon oath, in order to ascertain whether the opinion so formed was such as to disqualify him from acting as a juror in the case. It would be a mere mockery of justice, to permit a man, whose mind was made up either as to the guilt or innocence of a party, to act as a juror in his case. It was not only proper, but the duty of the Court to make the investigation as to the juror's competency; and to discharge him from the panel, if it should turn out that he was not qualified, or to retain him as a juror if it should be found that the opinion he had formed, was such as not to disqualify. The questions propounded to the juror for the purpose of ascertaining the true character of the opinion he had formed were entirely proper, and his answers to them show that he was a competent juror. *Waters vs. State,* 51 *Md.,* 435, 439.

*Third Exception.*—This exception was taken to the order of the Court, rejecting Wm. Myers as being disqualified as a juror, he having sworn that he had formed an opinion in regard to the guilt or innocence of the accused; the objection to this ruling, resting on the ground that it was the duty of the Court to press the

examination further, for the purpose of ascertaining upon what that opinion was based. The extent to which the Court will go in such examinations, is a matter which rests in its discretion. It was perfectly competent for the counsel for the appellant to have made a further and fuller examination of the juror, had they thought proper to do so, but they did not, and we find no error in the action of the Court in this respect.

*Seventh Exception.*—The appellant proved by Robert Smith that he resided about one and a half miles from the home of the appellant; that he remembered Saturday, August 21st, the day of Rocky Spring pic-nic, and the next day was Sunday, when there was a colored people's bush meeting going on at Middletown; that on the evening of Sunday, he saw the appellant in a buggy, driving northward in a road which would bring him out on the Hagerstown Pike, that this was after dark, and, as near as witness could come at it, between eight and nine o'clock in the evening. He was asked, upon cross-examination, "did you see the traverser on the evening before this you are testifying of." This question was objected to; the objection was overruled, and the appellant excepted. We can see no possible objection to the question; but as it does not appear that it was answered by the witness, we cannot say that the appellant was at all hurt by it, even had the question been an improper one and inadmissible.

*Eighth Exception*—Edward Tucker, a witness for appellant, testified that he remembered that Rocky Spring picnic took place on Saturday, and that the next day, Sunday, he heard a noise and rumbling as of some one driving by his house, which is very close to the turnpike, and heard some one cry out, (using only four words) and that about two weeks afterwards, when he heard that the appellant had been at the bush meeting that day, he thought it was the appellant.

On motion of the State's Attorney this part of this witness' evidence was stricken out of the case, on the

ground that it was too slight and remote, and to this ruling the appellant excepted. It is evident that the witness neither saw the appellant, nor recognized his voice on the occasion referred to, but that he merely conjectured that the voice he heard was that of the appellant, and upon no other ground than that he had heard two weeks afterwards that the appellant had been to the bush meeting that day. This part of his evidence was therefore properly withdrawn from the jury.

*Ninth Exception.*—The appellant having proved by Minnie Zimmerman that the appellant was at his home at the hours of 2.30 a. m. and 3 o'clock a. m. on Sunday, 22nd August, and ate his breakfast with his mother at 7 o'clock a. m. that morning; and that he remained at home all the morning till about dinner time, the State called Hiram Dorr in rebuttal, and asked him, whether or not, at the hour of 7 o'clock a. m. on Sunday, August 22nd, he had seen the accused in Frederick City; the question' asked was objected to, the objection overruled, and this exception was taken.

It is insisted that this question should not have been permitted to be asked or answered, because the State had offered some evidence in chief to show the whereabouts of the appellant about the time when the cattle are said to have been stolen, and that having entered upon such proof in chief all of its evidence on this point should have been then exhausted, and that it was too late to offer other evidence on that point by way of rebuttal. As a general rule such is the law. But in this instance the defence had offered proof of an *alibi*, by testifying that from 2.30 a. m. Sunday morning, till dinner time of the same day, the accused was at home, and consequently could not have committed the larceny. The proof offered was undoubtedly admissible for the purpose of contradicting Minnie Zimmerman, and showing that the appellant was in fact in Frederick City at the very time she swore he was at home.

Finding no error in the rulings of the Circuit Court, they will be affirmed, and the cause remanded.

*Rulings affirmed, and*

*cause remanded.*

(Decided 30th June, 1881.)