Irving, J.
The appellaut was indicted in the criminal court of Baltimore city for selling liquor on Sunday. The indictment contained three counts, and in each of them a conviction of a' former offense of like character was set out in order to make the offense by it charged a second offense, and to be punished accordingly. After the testimony was closed, and the case had been argued and submitted to the jury, before retiring for consultation, the jury asked the court whether they could find a verdict for a first offense. In reply, the court instructed the jury “that under the indictment, they could only find a verdict of guilty of a second offense.” To this instruction of the court exception was taken, which presents the sole question for consideration. The record shows that the jury found a verdict “of guilty of second offense.” In numerous cases this court has decided that under the act of 1872, c. 316, bills of exception are allowable “in criminal cases” in the like manner and to the same extent as they are allowed in civil cases. Rhinehart cases, 45 Md., 455; Archer’s case, Id. 460; McGrath’s case, 46 Md., 632; *553 Kearney’s case, Id. 423 , and in' numerous cases in this court, since the act of 1872, c. 316, and since the obiter construction of it in Broil’s case, 45 Md., 356, the court has entertained and passed upon the rulings of the lower court, during the trial, other than upon questions of evidence. Waters vs. State, 51 Md., 435 ; Turpin vs. State, 55 Md., 462; Zimmerman vs. State, 56 Md., 536; Bell’s case, 57 Md., 108. It has uniformly •been held that the jury, under the State Constitution, are judges of both law and fact, and that they are not bound by any instruction the court might choose to give, such instructions being only “advisory.” Wheeler’s case, 42 Md, 569; For wood’s case, 49. Md., 537; Bloomer’s case, 48 Md., 539. It has never been decided, however, that if the court should, in the exercise of its discretion, instruct the jury, and should instruct them erroneously, and the jury should follow the instructions to the plain injury of the accused, in such case no just ground of reversal would exist upon exception taken to such ruling. In Forwood’s case, 49 Md., 537, the point was made that such ruling was not reviewable ; but the court declined to pass on the question because it was unnecessary, as in their judgment the instruction was proper and the prisoner suffered no injury. Although this court has said that, the jury being judges of both law and fact, the court is not bound to instruct, if asked, and that refusal to instruct is no ground of appeal, yet we are clearly of the opinion that if the court does instruct the jury, and does so erroneously. and exception is taken, and the jury have manifestly followed that instruction to the plain injury of the prisoner, he is entitled to have the injury remedied on appeal. In this case, however, we find no ground for reversal. The mistake of the court was clearly in the prisoner’s interest, when the court told the jury that “under the indictment they could oaly find a verdict for a second offense,” it was equivalent to saying: “If you cannot, on the proof, find the party guilty of a second offense, you should find him not guilty.”
Under Maguire’s case, 47 Md., 498, he was in error, for they could have found a general verdict of guilty, which would have subjected him to punishment for a first offense. If, therefore, the evidence had not warranted the jury in finding the “historical fact” of former conviction, they would have found a verdict of not guilty. The court only stated what, in its opinion, was justified by the indictment,.and made acquittal possible, if the jury followed the instruction, notwitanding the jury might believe from the evidence the prisoner guilty, except as to the former conviction. He has clearly suffered no injury, and we shall accordingly affirm. ■
Ruling affirmed, and case remanded.
*554 Note. — Provisions similar to the Maryland constitutional provision are incorporated in many of the State constitutions and laws. In Indiana the Constitution makes the jury the exclusive judges of the law and evidence in criminal cases; but a statute declares that the court shall charge the jury and state “all matters of law necessary-for their information in, giving their verdict.” In one casein that State.the trial court charged the jury as follows : “You are the exclusive judges of the evidence, and may determine the law. It is as much your duty to believe the law as charged to you by the court as it is your sworn duty to determine the evidence.” This was’ held erroneous, the court saying: “Evidently it was not, in the sense of the instruction, their duty to believe the law as charged by the court — otherwise they could have had no right to determine it themseves. The instruction cannot be sustained. But we have a statute which requires the court in its charge-to the jury in criminal 'cases, to state ‘all matters of law necessary for their information in giving their verdict.’ It is insisted that this enactment conflicts with the constitution ; but we are not of that opinion» It simply confers upon the court an advisory power — directs the judge to inform the jury as to the law of the case ; and though it may be their duty to respect and give due consideration to the opinion of the court on questions of law applicable to the facts proved, still the statute does not, either in terms or by implication, deprive the jury of their right, under the constitution, to determine the law.” Williams vs. State, 10 Ind., 503 ; Daily vs. State, 10 Ind., 536, (overruling dictum in Driskill vs. State, 7 Ind., 339; Carter vs. State, 2 Ind., 617, and Townsend vs. State, 2 Blackf. (Ind.) 151; Warren vs. State, 4 Blackf. (Ind.) 150. (Under the decision quoted from, Rice vs State and Stocking vs. State, 7 Ind., 326, 332, are qualified.)
So, where the court said to the jury that “the jurors are not authorized to make a law for each case, but must decide it according to the law as it is. If the court instruct the jury fully and truly as to the law, the jurors must be governed by the instructions. If the court does not do this, the jury may disregard the instructions,” it was held error and sufficient to reverse the cáse. McDonald vs. State, 63 Ind., 544; see Nuzum vs. State, 88 Ind., 599.
A refusal to instruct the jury that they are the exclusive judges of the law and the facts is held erroneous in that State. McCarthy vs. State, 56 Ind., 203; McCullough vs. State, 10 Ind , 276; Powers vs. State, 87 Ind., 144.
And if the court misdirect the jury in a matter of law the charge of the court is presumed to control their minds to some extent in deciding the case and arriving at a verdict — so much so is this presumed that. *555 if the court’s instructions relate to a material matter of law the misdirection is good ground for reversal. Glem vs. State, 42 Ind., 447.
In Indiana the jury is not even bound by the decisions of the supreme court as to what the law is. Keiser vs. State, 83 Ind., 234. And an instruction that they are bound by those decisions until overruled is erroneous. Fowler vs. State, 85 Ind., 538.
So, in Indiana, an instruction to the jury as follows: “You have-no right to determine the question whether the facts stated in the indictment constitute a'public offense, or to determine the sufficiency of the indictment. If the'facts stated in the indictment are proven beyond a reasonable doubt, you must convict,” was held erroneous. Hudelson vs. State, 94 Ind., 426; S. C., 5 Crim. L. Mag , 524.
In Pennsylvania the court was divided upon the duty of the trial judge to instruct the jury that they “are the judges of the law and the fact,” Kane vs. Commonwealth, 1 Crim. L. Mag., 47; S. C., 89 Pa. St., 522.
In Illinois a charge that the jury must accept it as the law, unless they can say on their oaths that they are better judges of the law than the court, was held proper. Mullinex vs. People, 76 Ill., 211.
And in Louisiana the jury may be told while they have the power they have no moral right to reject the opinion of the court. State vs. Tally, 23 La. Ann., 677; and the same rule is followed in Georgia. M’Math vs. State, 55 Ga., 303 ; Blaisdell’s trial, Id., 54; Robinson vs. State, 66 Ga., 517; People vs. Mortimer, 48 Mich., 37.
So it is held that the court has the power to prevent counsel arguing that the law is not such as the court declares it is. Bell vs. State, 45 Md., 356; S. C., 2 Crim. L. Mag., 664.
See, generally, State vs. Kirkwood, 19 N. W. Rep., 660; Commonwealth vs. Moore, 2 Chest. Co. Rep., 358, State vs. Rheams, 6 Crim. L. Mag., 874. See article of Hon. Deciüs Wade, in 3 Crim. L. Mag., 484, and of Hon. Francis Wharion, in Southean Law Review for August-September, 1879, quoted from in 1 Crim. L. Mag., on pages 51-57 —Criminal Law Magazine.