JAMES SWANN *vs.* THE STATE OF MARYLAND.

*Criminal law — Instruction — Exception — When erroneous Ruling will not be Reversed.*

While the Court may decline to instruct the jury although asked, yet if it does instruct, and does so erroneously, and exception is taken, and the jury have manifestly followed the instruction to the plain

injury of the accused, he is entitled to have the injury remedied
on appeal.

On an appeal in a criminal case, the ruling of the Court below, al-
though erroneous, will not be reversed, it being manifest that the
accused was not injured by such ruling.

APPEAL from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE,
MILLER, IRVING, and BRYAN, J.

*Thomas C. Ruddell,* and *Sidney Hall,* for the appellant.

*Charles B. Roberts, Attorney-General,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The appellant was indicted in the Criminal Court of
Baltimore for selling liquor on Sunday.  The indictment
contained three counts, and in each of them a convic-
tion of a former offence of like character was set out in
order to make the offence, by it charged, a second offence,
and to be punished accordingly.  After the testimony was
closed, and the case had been argued and submitted to the
jury, before retiring for consultation the jury asked the
Court whether they could find a verdict for a first offence ?
In reply, the Court instructed the jury, "that under the
indictment they could only find a verdict of 'guilty of a
second offence.'"   To this instruction of the Court excep-
tion was taken, which presents the sole question for con-
sideration.   The record shows that the jury found a ver-
dict of "guilty as of second offence."

In numerous cases this Court has decided, that under
the Act of 1872, ch. 316, bills of exception are allowable
"in criminal cases in the like manner and to the same

extent" as they are allowed in civil cases.  *Rhinehart vs. State*, 45 *Md.*, 455; *Archer vs. State*, 45 *Md.*, 460; *McGrath vs. State*, 46 *Md.*, 632; *Kearney vs. State*, 46 *Md.*, 423.    And in numerous cases in this Court, since the Act of 1872, ch. 316, and since the *obiter* construction of it in *Broll vs. State*, 45 *Md.*, 356, the Court has entertained and passed upon rulings of the lower Court during the trial, other than upon questions of evidence.    *Waters vs. The State*, 51 *Md.*, 435 ; *Turpin vs. The State*, 55 *Md.*, 462; *Zimmerman vs. The State*, 56 *Md.*, 536; *Bell vs. The State*, 57 *Md.*, 108.

It has uniformly been held, that the jury, under the State Constitution, are judges of both law and fact, and that they are not bound by any instruction the Court might choose to give, such instruction being only "advisory."    *Wheeler vs. The State*, 42 *Md.*, 569 ; *Forwood vs. State*, 49 *Md.*, 537 ; *Bloomer vs. State*, 48 *Md.*, 539.    It has never been decided, however, that if the Court should, in the exercise of its discretion, instruct the jury, and should instruct them erroneously, and the jury should follow the instructions to the plain injury of the accused, in such case no just ground of reversal would exist upon exception taken to such ruling.    In *Forwood vs. State*, 49 *Md.*, 538, the point was made, that such ruling was not reviewable ; but the Court declined to pass on the question, because it was unnecessary, as in their judgment the instruction was proper, and the prisoner suffered no injury.    Although this Court has said that the jury, being judges of both law and fact, the Court is not bound to instruct if asked, and that refusal to instruct is no ground of appeal ; yet, we are clearly of opinion, that if the Court does instruct the jury, and does so erroneously, and exception is taken, and the jury have manifestly followed that instruction, to the plain injury of the prisoner, he is entitled to have the injury remedied on appeal.    In this case, however, we find no ground for reversal.    The mistake of the Court was

clearly in the prisoner's interest. When the Court told the jury, that "under the indictment they could only find a verdict for a second offence," it was equivalent to saying, "if you cannot, on the proof, find the party guilty of a second offence, you should find him not guilty."

Under *Maguire's Case*, 47 *Md.*, 498, the Court was in error, for the jury could have found a general verdict of guilty, which would have subjected the prisoner to punishment for a first offence. If, therefore, the evidence had not warranted the jury in finding the "historical fact" of former conviction, they would have found a verdict of not guilty. The Court only stated what, in its opinion, was justified by that indictment, and made acquittal possible, if the jury followed this instruction, notwithstanding the jury might believe from the evidence the prisoner guilty, except as to the former conviction. He has clearly suffered no injury, and we shall accordingly affirm.

*Ruling affirmed, and
cause remanded.*

(Decided 18th December, 1885.)