## GEORGE GUY *vs.* STATE OF MARYLAND.

*Qualification of Jurors—When Members of a Law and Order League May be Jurors in Trials for Violation of Liquor Law—Instructions to the Jury in Criminal Cases.*

Upon the trial of an indictment for a violation of the liquor law two of the jurors, when examined on their *voir dire*, stated that they were members of a Law and Order League, the object of which was the enforcement of the local option law of that county ; that they contributed to the funds of the league, but that they had not formed or expressed any opinion as to the guilt or innocence of the traverser or any other opinion which would prevent them from rendering a verdict according to the law and the evidence in the case.  *Held,* that these jurors were not disqualified by their membership in the league, since the purposes of the league were identical with those which the law imposes upon every citizen with respect to the matters within the purview of the organization, and these jurors had no interest [in the conviction of the traverser if he was not guilty.

But members of such a league should not be permitted to serve as jurors in those cases in which the league is in control of, or by the employment of special counsel actively participates in, the prosecution.

The fact that the witnesses, whose testimony before the grand jury led to the indictment of the traverser, were detectives employed by such a Law and Order League, is not such an active participation by the league in the prosecution as to disqualify as jurors all of its members.

After the jury in the trial of a party for violation of the local option law had been out for more than twenty-four hours they asked to be discharged, because they could not agree.  The trial Judge told them that they should make every reasonable effort to find a verdict and that if they differed upon questions of law and they wished an instruction from

him he would give it for their assistance. Afterwards, in answer to a request from them, the Judge instructed the jury that if they found that the traverser had a U. S. government license to sell liquor that was *prima facie* evidence that he was engaged in the business, but he could not be convicted upon that ground alone and they must find from the evidence that he or his agent made the particular sale charged in the indictment. The Judge also told the jury that they were not bound by his view of the law. *Held*, that this instruction was correct and the remarks made to the jury by the Judge were not open to objection.

It is within the discretion of the Court in criminal trials to give instructions to the jury as to the law, although the jury, being under the Constitution judges both of the law and of the facts, are not bound by such instructions.

Appeal from the Circuit Court for Harford County (WATTERS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Walter W. Preston* and *Harry S. Carver* (with whom were *Thos. H. Robinson, John S. Young* and *Michael H. Fahey* on the brief ), for the appellant.

*Isidor Rayner, Attorney-General,* for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellant was tried and convicted in the Circuit Court for Harford County for a violation of Art. 13, sec. 228, &c., of the Code of Public Local Laws, commonly known as "The Local Option Law" of that County. Three exceptions were taken by the traverser during the trial.

The first exception was to the ruling of the Court to the qualification of two jurors, the second was to an oral statement of the Court to the jury when they were brought into Court and expressed the opinion that they would be unable to agree, and the third was the answer of the Court to a written request from the jury for information on certain legal propositions.

At the trial of the case, before the jury were empanelled,

they were at the request of the traverser sworn upon their *voir.dire.*  After having been so sworn two of the jurors, in response to questions put by the counsel for the traverser, stated that they were members of the Law and Order League or Law Enforcement League of Harford County, and one of them stated that he had paid a contribution to the funds of the league and the other stated that he had promised and expected to pay such a contribution.  They both stated in reply to further questions that they supposed the principal object in organizing the league was the enforcement of the Local Option Law.  They both further stated that they had not formed or expressed any opinion as to the guilt or innocence of the traverser, or any opinion of the Local Option Law of Harford County, which would prevent them from giving a fair and impartial trial to any person charged with violating said law or from rendering a verdict according to the law and evidence in such a case.

Louis Wein and John Sperzel, two witnesses who testified on the part of the State, stated in their testimony that they were in the employ of, and paid by, the said League as detectives, and while so employed procured an indictment against the traverser in this case.

The traverser objected to the names of these two jurors being but on the list of twenty names from which to strike a jury, but the Court overruled the objection and directed their names to be put upon the list and to this action of the Court the traverser took his first exception.

The contention of the appellant is that those two jurors were not under the circumstances impartial jurors within the meaning of Article 21 of the Declaration of Rights that their presence upon the list left him but eighteen instead of twenty names from which to strike four.  There is no doubt that he was entitled to a list of twenty qualified jurors from which to strike four, so that the issue under this exception is narrowed down to the question whether the membership of the two jurors in the League and their contributions, the one paid and the other promised, to its funds disqualified them from acting as jurors in this case.

There was no question as to the qualification of the two jurors on any other ground. The answers which they made to the questions put to them by the Court when examined on their *voir dire* were such as have been held by repeated decisions of this Court to constitute the parties making them qualified jurors. *Gillespie* v. *State*, 92 Md. 171 ; *Waters* v. *State*, 51 Md. 430 ; *Zimmerman* v. *State*, 56 Md. 539; *Garlitz* v. *State*, 71 Md. 300.

We do not think that the mere fact that they were members of the League and had contributed, or promised to contribute, to its funds disqualified them from being jurors in cases prosecuted by the State against persons charged with having violated the provisions of the Local Option Law. The purposes of the League were identical with those which the law imposes upon every citizen in respect to the matters within the purview of that organization. As was said by the Supreme Court of Illinois in *Musick* v. *People*, 40 Ills. 272, all members of civilized society are in effect members of such Leagues. The fact that these two jurors had contributed or promised to contribute to the funds of the League gave them no pecuniary interest in the result of that trial, for neither the conviction nor the acquittal of the traverser would have restored the contribution already paid nor diminished the obligation to pay the promised one. They had no interest whatever in the conviction of the traverser if he were not guilty of the offense with which he was charged.

The conclusion to which we have come upon this question has been reached by almost all of the Courts which have been called upon to consider it. *Musick* v. *People, supra; Koch* v. *State*, 32 Ohio St. 353; *U. S.* v. *Borger*, 7 Fed. R. 193; *Boyle* v. *People*, 4 Colorado, 181; *State* v. *Wilson*, 8 Iowa, 407; *State* v. *Knapp*, 40 Kan. 148. In *Commonwealth* v. *Oneil*, 6 Gray, 343, it was also held that mere membership in such a league and having contributed to its funds did not disqualify a juror, but it was intimated that if he had promised but not yet paid a contribution it might be otherwise. In the later case of *Com.* v. *Moore*, 143 Mass. 138, it was held by the same

Court that members of such an association binding themselves to contribute to it cannot be regarded as indifferent and ought not to be jurors in a prosecution for an unlawful sale of liquor. But in the still later case of *Com.* v. *Burroughs*, 145 Mass. 242, the same Court held it not to be error in the trial Court to refuse to ask a juror, at the instance of the traverser, if he belonged to a Law and Order League, although the statute in addition to requiring certain questions to be put to a juror to test his qualification provided that the party objecting to him might introduce any other competent evidence in support of the objection. The law upon the subject seems therefore to be not finally settled in Massachusetts.

We are however of the opinion that in order to furnish, for the trial of persons charged with the commission of crimes or misdemeanors, jurors free from the suspicion of bias or partiality, members of such leagues or organizations should not be permitted to serve upon the jury in those cases in which the league is in control of, or by the employment of special counsel actively participates in, the prosecution of the traverser. It appears in the present case that the witnesses Wein and Sperzel, who testified for the State, were detectives in the regular employ of the league and that they had also laid the information before the grand jury which led to the indictment of the traverser, but we do not think that amounted to such an active participation by the league in the prosecution as to disqualify as jurors all of its members, especially not such members as could answer as the two jurors in this case did when examined upon their *voir dire*. The witnesses Wein and Sperzel when called by the State were bound to appear, and when put upon the stand by it were bound to answer truthfully and tell all that they knew about the alleged violation of the law by the traverser. The fact that they were employed by the league, although it was done to aid in the enforcement of the law, was a circumstance to be considered by the jury in weighing the credibility of their testimony, but it ought not to be permitted to exclude from the jury list members of the league otherwise qualified to serve as jurors. As

it does not appear from the record that the league in the present case were in control of the prosecution or employed and paid counsel to participate therein, we find no error in the action of the learned Judge below in holding the two jurors to be qualified.

Our view as to the qualification of these jurors would be different if they had been members of an association the purpose or the practical operation of which was to delay, or in any manner impede or obstruct the enforcement of the law, and the State had objected to them for that reason, for the fixed policy of the State is to enforce its laws, and it is the duty of the citizen to advance and not to impede the execution of that policy.

We think the ruling of the learned Judge below on the second and third exceptions was correct.

After the jury had been out more than twenty-four hours they were brought into Court and asked by the Judge whether they had reached any verdict. They replied that they had not ; that they stood seven to five and asked to be discharged. The Judge, in a very temperate address, said to them that he did not care to know how they stood, but that he thought they should exhaust every reasonable effort to reach a verdict before the cost and expense of a mistrial was put upon the public. He further told them that if their difficulties were as to matters of fact, or the credibility of witnesses, he could not assist them, but if they differed upon questions of law, and would put the points upon which they differed in writing, and it was the unanimous wish of the jury to have instructions from him on those points, he was willing to give them the desired instructions, but it must be done with the distinct understanding on their part that they were not bound by his opinions but might accept or reject them as their own reason might dictate. To this action of the Court the traverser took his second exception.

The jury having again retired to consider their verdict they while still out addressed and sent to the Court the following written request :

"Hon. James D. Watters.

Will your Honor inform this panel if the law is sufficient in this case to connect George Guy, the traverser in this case, not being present at the time of the sale of said beer as testified by certain witnesses.

Could we on the evidence before us of the government license taken out or supposed to be taken out for business at his house be evidence against George Guy sufficient to convict.

Oct. 9, 1902.                    T. B. GRAFTON,
*Foreman of Jury.*"

To which inquiries the Court gave the following written answer :

*Gentlemen of the Jury* :

"It gives me pleasure to comply with your request that I give you some instructions as to the law of the case which you are now trying. You have already spent a full twenty-four hours without reaching an agreement I am sure it would be a misfortune if the days already spent on the trial of this case should be lost by a mistrial. If your difficulty is in applying the facts as you find them to law of the case it may very possibly help you to know my view of the law and since you seem to desire it I am perfectly willing to take the responsibility as to the law leaving to you the responsibility of applying the law to the facts.

I must tell you however that what I may say is only for your assistance and not to control your verdict—in other words you are not bound to accept my view of the law.

1. As to your first question : If you believe from the evidence that George Guy on the eighth day of September last had a United States government license to sell spirituous or fermented liquor in Belair then this fact (if you so find) is *prima facie* evidence that George Guy was at the time engaged in the business of selling spirituous liquor in Belair, and if so engaged he was responsible for the acts of his employees in conducting the business at his place of business. That is to say if you find from the evidence that an employee of George Guy at his place of business in Belair sold the beer as charged in the indictment you shall find George Guy guilty.

2nd. This is I think already answered, but I may say explicity that the fact (if you so find) that George Guy had a Government license does not prove or tend to prove that he or his agent made the sale charged in the indictment and you

cannot convict George Guy upon the fact (alone) that he had a place of business for the sale of spirituous or fermented liquors without distinct proof that he or his agent made the particular sale charged in the indictment.

The whole question before you I imagine resolves itself into this : Do you, or do you not believe the two prosecuting witnesses Louis Wein and John Sperzel, or either of them. If you believe them, or either of them ; your verdict should be guilty ; if you do not believe them, or either of them, your verdict should be not guilty.

JAMES D. WATTERS.

This Court has repeatedly held that it is within the discretion of the Court in criminal trials to give instructions to the jury as to the law at their request although the jury, being judges of both the law and fact, are not bound by the Court's instructions but should give them such weight as in their judgment is proper. *Bloomer* v. *State*, 48 Md. 521 ; *Forwood* v. *State*, 49 Md. 537 ; *Swan* v. *State*, 64 Md. 425 ; *Beard* v. *State*, 71 Md. 280

In *Swan* v. *State*, *supra*, it was held that an instruction so given, although merely advisory, may, if it be erroneous, be made the subject of an exception and corrected on appeal. We however see nothing erroneous in the instructions given to the jury in the present case. The instruction as to the effect of the traverser having a government license to sell liquors in Harford County as *prima facie* evidence of his being engaged in that business is in precise accord with the rulings of this Court on that subject in *Guy* v. *State*, 90 Md. 35, and the further instruction that there must also be the further distinct proof that the traverser made the particular sale charged in the indictment is clearly correct. Nor do we find anything objectionable in the remarks made by the learned Judge to the jury when they reported their disagreement to him.

The Judgment appealed from will be affirmed.

*Judgment affirmed with costs.*

(Decided March 31st, 1903.)