## BRYAN DAVIS *v.* STATE OF MARYLAND

[No. 58, October Term, 1934.]

*Decided January 15th, 1935.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, and SLOAN, JJ.

*J. Bond Smith* and *F. Barnard Welsh,* for the appellant.

*William L. Henderson, Assistant Attorney General,* with whom were *Wm. Preston Lane, Jr., Attorney General,* and *Stedman Prescott, State's Attorney for Montgomery County,* on the brief, for the State.

BOND, C. J., delivered the opinion of the Court.

This appeal, by the treasurer of a town from conviction and sentence on a charge of embezzling its funds, brings

up a question of the propriety of statements made to the jury by the state's attorney in the trial, and a refusal of the presiding judge to give the jury a corrective instruction.

It is first recited in the bill of exception that in the opening argument of the state's attorney to the jury he instructed them that the burden of proving guilt beyond a reasonable doubt rested upon the State. Defendant's counsel, in their turn, argued that it was incumbent on the State to prove that the money alleged to have been embezzled was taken with a definite criminal intent, and also to prove the specific sum or sums of money taken, and that, the State having failed to prove these things, it was not incumbent on the defendant to prove anything. To this, in his closing argument, the state's attorney replied that, "When the State makes out what we call a *prima facie* case, then it is incumbent upon the defendant to adduce evidence in rebuttal," and, when the defendant's attorney offered an objection, replied further, "That is the law and I am going to read to you from books to prove it." Exception was taken to the remarks, the court directed the state's attorney to make his statement, and that officer proceeded: "Certain surrounding circumstances of such charges against a man make a *prima facie* case, and it is incumbent upon the defendant after that is made out to produce testimony to show you that that is wrong." Exception was taken to this also, and the defendant made a motion that the remark be stricken out and the jury instructed to disregard it. The motion was overruled and an exception taken to that action. Then the state's attorney read to the jury from law books two statements of the law as he found it, as follows: "The mere failure of a public officer to pay over the funds due from him upon a settlement, without good and satisfactory reason being shown, is *prima facie* evidence of its conversion and embezzlement." And, "As in other criminal cases the burden of proving all the elements of the crime rests on the prosecution, but when the State has made a *prima facie* case of embezzlement, as by proving facts which

give rise to a presumption in its favor, it becomes incumbent upon the defendant to adduce evidence in denial or explanation of the incriminating circumstances." With these extracts the bill of exceptions concluded.

The state's attorney appears to have been arguing to the jury only the natural probative force of evidence, and the jury are the judges even of the legal effect of evidence under the Constitution of this State. Const. art. 15, sec. 5: *World v. State,* 50 Md. 49, 55. It was to the proper tribunal that the arguments were being presented, and there is no appeal to this court on questions of correctness of the arguments. The trial court might, in its discretion, have given an advisory instruction on the requirements of proof; but it was not required to do so. "It was for the jury, and not the court, to determine whether the *corpus delicti* had been established. The jury and not the court were to determine the weight of the evidence, and they were to apply to it the law as they interpreted it, and, as a result thereof, determine the innocence or guilt of the traverser. In the event of an error or abuse in the exercise of that power by the jury, the traverser's remedy was by application to the court for a new trial." *Delcher v. State,* 161 Md. 475, 486, 158 A. 37, 42; *Beard v. State,* 71 Md. 275, 280; *Broll v. State,* 45 Md. 356, 360.

*Judgment affirmed, with cost.*